UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) CRIM. NO. 2:18-CR-112-DBH-04 |
| DRU FRECHETTE, | ) |
| | ) |
| DEFENDANT | ) |

ORDER ON MOTION TO APPOINT COUNSEL

The defendant, Dru Frechette, has filed a motion to appoint counsel to assist him with a motion for compassionate release. Mot. at 1 (ECF No. 428). Because Frechette does not appear to have satisfied all of the First Step Act's requirements for filing a motion for compassionate release,[1] appointing counsel at this point is unnecessary. Therefore, the motion is **DENIED WITHOUT PREJUDICE**.

Frechette previously filed a motion for compassionate release and requested appointment of counsel (ECF No. 425). I denied the motion because he did not show that he had first directed his request to the Warden and given the Warden 30 days to respond, as required by the First Step Act. Proc. Order (ECF No. 426). He now attaches documentation showing he requested a sentence reduction from the Warden, who denied the request on May 19, 2020. Letter from Warden (ECF No. 428-1). However, in this situation, where a warden

---

[1] Frechette's motion refers to the CARES Act rather than the First Step Act. But the CARES Act permits only the Bureau of Prisons—not the court—to move a defendant to home confinement. CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020). The court's authority comes from the First Step Act. See 18 U.S.C. § 3582(c)(1)(A).

has considered and denied a defendant's request, the First Step Act imposes an additional requirement on the defendant: He must exhaust his administrative appeal rights within the prison system before proceeding to court. That is because the Act allows a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This court has previously concluded that the 30-day language is designed to ensure that the Warden acts timely and that when she does, the prisoner needs to exhaust his administrative appeal rights before proceeding to court. United States v. Rembert, No. 2:12-CR-66, 2020 U.S. Dist. LEXIS 107423, at *2-3 (D. Me. June 9, 2020); see also United States v. Miller, No. 2:16-CR-00269, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) ("It seems odd that Congress would allow a defendant to short-circuit the Bureau of Prison's administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request. In this context 'lapse' clearly means that the warden must fail to act on the defendant's request for a period of 30 days."); United States v. Weidenhamer, No. CR-16-01072-001, 2019 WL 6050264, at *4 (D. Ariz. Nov. 8, 2019) ("[T]he better reading is to require administrative exhaustion if a warden acts on a request within 30 days. The statute requires a defendant submit a request to her warden. If the warden acts on that request in a timely manner, it is appropriate to require a defendant to pursue an administrative appeal."). At the end of her denial letter, the Warden stated that Frechette had a right to appeal

the decision and explained how to do so. To bring a motion under the First Step Act, Frechette needs to show that he exhausted that appeals process.

Defendants have no automatic right to counsel in post-conviction proceedings, see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), so I have discretion over whether to grant Frechette's motion for appointment of counsel. I conclude that because his First Step Act motion is not ready to proceed in court, it is not necessary to appoint counsel at this time. See United States v. Gutierrez, No. CR 06-40043-FDS-2, 2020 WL 1667710, at *2 (D. Mass. Apr. 3, 2020) (denying motion to appoint counsel to assist with First Step Act claim after concluding defendant was not eligible for relief under the Act). His motion is therefore **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

**DATED THIS 16TH DAY OF JULY, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**