UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) |
| | )    Crim. No. 2:18-cr-112-DBH-04 |
| DRU FRECHETTE, | ) |
| | ) |
| Defendant | ) |

### DECISION AND ORDER ON AMENDED MOTION FOR COMPASSIONATE RELEASE

Dru Frechette has moved to reduce his federal imprisonment to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] Am. Mot. for Compassionate Release (ECF No. 457). As amended by the First Step Act, this so-called compassionate release provision allows a judge, without a BOP motion, to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction."[2] I have previously ruled that the Sentencing Commission's Guideline policy statement

---

[1] I earlier granted his motion to appoint counsel. (ECF No. 446).

[2] The government argues that Frechette has not exhausted his administrative remedies. I do not understand the basis for this argument. Although in earlier cases I had held "that a prisoner who received a negative decision by the Warden must use the BOP internal appeal procedures," the government then told me its position was that a prisoner can bring a motion in court once 30 days have passed since he made such an original request to the Warden, and I accepted its interpretation as waiver of the exhaustion requirement. United States v. Faucette, No. 2:13-cr-79-DBH-01, 2020 U.S. Dist. LEXIS 143154, at *2 (D. Me. Aug. 11, 2020) (the government "told me that the position of the Department of Justice (I assume that the brief has authority to speak for the Department and that it is speaking on a national basis) is that the decision in Rembert is wrong in stating that prisoners must pursue BOP appeal remedies. Instead, 'The Department of Justice's position is that a plain reading of the statute permits a defendant to petition the courts 30 days after submitting a request to the warden, irrespective of whether any further administrative remedies have been exhausted following a denial.'"); United States v. McIntosh, No. 2:16-cr-100-DBH, 2020 WL 4803261 (D. Me. Aug. 18, 2020). The government's present motion seems inconsistent with its prior position, and it has not told me there has been a change in policy. Frechette made his original request to the Warden on May 14, 2020, as the government concedes. Gov't's Resp. at 2 (ECF No. 458). Irrespective of what he did later by way of an appeal request, he has satisfied 18 U.S.C. § 3582(c)(1)(A).

on this provision, 1B1.13 cmt. n.1(A), which the Commission has not changed to reflect the First Step Act,[3] "provides helpful guidance" but "is not ultimately conclusive given the statutory change." United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019), aff'd, No. 19-1785 (1st Cir. July 23, 2020) ("the district court did consider other relevant circumstances not specifically enumerated in the guidelines"). The Second Circuit has gone further and ruled that the Guideline policy statement applies *only* to motions brought by the Director of the Bureau of Prisons, not to motions for relief brought by defendants, and that nothing limits judges' discretion in considering "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," except that rehabilitation alone is not to be considered an extraordinary and compelling reason. United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).

I proceed therefore to assess whether Frechette has presented "extraordinary and compelling reasons" for his release. On January 27, 2020, I sentenced Frechette to 18 months in prison for drug trafficking. Judgment (ECF No. 385). Frechette's projected release date is May 31, 2021. Gov't's Resp. Ex. 1 (ECF No. 458-1).[4] Frechette will turn 29 next month. He is imprisoned at FCI Danbury. The BOP website says that FCI Danbury currently has 2 inmates and 0 staff positive for COVID-19, and 80 inmates and 65 staff who have recovered. See BOP, COVID-19 Cases, Federal Bureau of Prisons (last updated Nov. 17, 2020), https://www.bop.gov/coronavirus/.

---

[3] Currently, the Commission lacks a quorum to amend the Guidelines.
[4] He is eligible for a halfway house on March 3, 2021. Gov't Resp. Ex. 4 (ECF No. 458-4).

2

Frechette says that he has two underlying medical conditions that put him at high risk for COVID-19: endocarditis and hypertension. Def.'s Mot. at 3-4 (ECF No. 442). The CDC does not list endocarditis as a high-risk factor for severe illness from COVID-19. It says that people with hypertension "might be at an increased risk." People with Certain Medical Conditions, CDC, https://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Nov. 2, 2020). When the presentence report was prepared for Frechette's January 2020 sentencing, he recounted the incident that led to his endocarditis and hospital treatment.[5] PSR ¶ 33. But he told the Probation Officer that he "does not believe he has any long-lasting effects from this incident." Id. Frechette has not submitted any medical records that show any change from those reports, Def.'s Mot. Ex. C (ECF No. 442-3), and the medical records from BOP do not document any ongoing issues with endocarditis or hypertension, Gov't's Resp. Ex. 3 (ECF No. 458-3).

Therefore, while I understand Frechette's concern about the pandemic, his current health status does not alone rise to the level of "extraordinary and compelling reasons" that would justify compassionate release under 18 U.S.C. § 3582(c)(1)(A).

The Amended Motion for Compassionate Release is **DENIED**.

**SO ORDERED.**

**DATED THIS 18TH DAY OF NOVEMBER, 2020**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[5] The hospital records from the incident reported his hypertension. PSR ¶ 33.